# HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* LEONARD.

No. 426.   Argued March 26, 1940.—Decided April 22, 1940.

*Mr. Arnold Raum,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Mr. Sewall Key* were on the brief, for petitioner.

*Mr. J. Donald Duncan,* with whom *Mr. James B. Alley* was on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case involves the question of the taxability to the grantor under the Revenue Act of 1928 (45 Stat. 791) of income from a so-called alimony trust which is payable to his divorced wife. We granted certiorari because of the probable conflict of the decision below with *Douglas* v. *Willcuts,* 296 U. S. 1, and *Helvering* v. *Fitch,* 309 U. S. 149.

In 1928 respondent's wife instituted suit in New York for an absolute divorce. On June 4, 1929, while that suit was pending, respondent and his wife entered into a separation agreement and, together with a corporate trustee, executed a trust agreement. Under the latter respondent contributed securities and cash of $650,000, which included $400,000 principal amount of 6% first mortgage bonds of an oil company. Respondent guaranteed the "payment when due of the principal and interest" on those bonds; and on notice of any default in the payment of any interest on or principal of them, he agreed to substitute cash or securities with a "market value equal to" the principal, and cash sufficient to cover any accrued interest.[1] The trust was irrevocable [2] except that

---

[1] No extension of the time of payment of principal or interest on these bonds was to be made without the consent of the wife and without the extension of the guarantee of respondent or his personal representative.

[2] Except on discontinuance or dismissal of the divorce action.

(1) it could be amended by respondent and his wife;[3] and (2) respondent retained a limited power of substitution as respects certain bank stock which was part of the corpus. The trustee agreed to use "reasonable efforts to consult" with respondent with respect to "the character of the investments" though it was not bound to follow his advice. Respondent retained no right to either the corpus or the income, or any part thereof, except as indicated above. The net income was to be paid as follows: $5000 a year to each of three children; the remaining amount to the wife during her life for her maintenance and support, and in her sole discretion for the support, maintenance and education of the children. On death of the wife, the corpus was to be held for the children.

The separation agreement incorporated the trust agreement by reference; stated that the wife's income from the trust and from other property received from the husband would aggregate $30,000 a year; provided that respondent would pay his wife an additional $35,000 each year during her life so that her aggregate net income for the maintenance and support of herself and the children would approximate $65,000 a year, and would further pay any "extraordinary medical or surgical expenses" incurred by the wife or on behalf of the children until they attained the age of twenty-five years; stated that in the event that respondent's ability to pay the above $35,000 became impaired, he might apply to any court of competent jurisdiction for a reduction of his obligation to not less than $10,000 a year; made other property settlements; provided for care and custody of the children; released dower, etc.

The decree of divorce became final in October 1929. It "approved and affirmed and made a part of the judgment herein" the separation agreement (which as we

---

[3] It was so amended three times but in respects not material here.

have said incorporated the trust agreement) "providing for the support and maintenance of the plaintiff," and in addition directed respondent to pay her $35,000 a year for the rest of her life. From June 4, 1929 to December 31, 1929, the trustee received $16,191.34 as dividends and interest from the trust property. It distributed $5200 to the wife and $2083.33 to each of three children, leaving an undistributed balance for that period of about $4700. Respondent did not include any of that income in his return for 1929. The Commissioner determined a deficiency. The Board of Tax Appeals held that only the amounts actually distributed to respondent's wife and minor children were taxable to him. 36 B. T. A. 563. The Circuit Court of Appeals reversed, holding that respondent, though taxable on income payable to his minor children, was not taxable on income payable to the wife. 105 F. 2d 900.

Here, as in the Circuit Court of Appeals, it was urged by the petitioner that this alimony trust was merely security for respondent's continuing obligation to support his wife and, therefore, that the trust income payable to her was taxable to him under the rule of *Douglas* v. *Willcuts, supra.* In support of that position it was urged, *inter alia,* that under New York law respondent's obligation was not discharged since the New York court retained the power to modify the decree; and that the promise by respondent to pay the wife $35,000 (or in no event less than $10,000) a year converted the trust into at least partial security for the total allowance to her. In either of such events the rule of *Douglas* v. *Willcuts, supra,* would apply. See *Helvering* v. *Fitch, supra.* The Circuit Court of Appeals, however, decided these two questions adversely to petitioner. But there is one matter not touched on by that court which we think is determinative of one phase of the case.

The trust agreement contains an express personal obligation of respondent in the form of a guarantee of payment of the principal and interest on $400,000 of the 6% bonds which were part of the trust corpus. To be sure, that personal obligation was contingent. But we do not deem that to be material. We recently stated in *Helvering* v. *Fitch, supra,* p. 156, that under this statutory scheme escape from the rule of *Douglas* v. *Willcuts, supra,* may be had only on "clear and convincing proof" that "local law and the alimony trust have given the divorced husband a full discharge and leave no continuing obligation however contingent." Whatever may be the correct view on the other aspects of the case, the guarantee was such a continuing obligation. The fact that the wife or other beneficiaries looked primarily to the trust and only secondarily to respondent for payment of $24,000 annually, the fact that respondent's obligation might be enforceable by the trustee, the fact that respondent might never have to make good on his promise are beside the point. The existence of wholly contingent obligations, whether contractual or otherwise, is adequate to support the results reached in *Douglas* v. *Willcuts, supra.* For in that case it was manifest that at the time of the creation and approval of the trust the divorce court might never exercise its reserved power to revise or alter the decree and the husband might never have to make good on his promise to make up deficiencies in the estimated trust income. Likewise in the instant case, it cannot be said that the divorce decree and the alimony trust gave respondent an absolute discharge from his prior obligation. So far as the guarantee alone is concerned, they permitted his preëxisting unconditional duty to be transformed into a limited contingent one. But nonetheless they placed a specific and adequate sanction on that duty, so that respondent's personal obligation would not be fully discharged at least until complete payment

of the principal and interest on the 6% bonds had been made. Thus in effect, if not in form, the trust agreement was security for his continuing obligation which would be discharged at least *pro tanto* as income from those bonds was received by the trustee. Hence the case in substance is the same as those where pursuant to contract or arrangement an obligation is discharged by another for the taxpayer's benefit; see *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *United States* v. *Boston & Maine Railroad*, 279 U. S. 732; or where the taxpayer creates a trust, the income of which is applied to the discharge of his debt. See *Helvering* v. *Blumenthal*, 296 U. S. 552. Here, as there, the taxpayer received a benefit by the payments. The catalogue of benefits is not depleted when primary obligations are discharged. For these reasons that portion of the trust income which was received from the guaranteed bonds was clearly taxable to respondent.

Apparently, however, a portion of that income was received from other trust property. But we think that was also taxable to respondent though for another reason.

As we have seen, the divorce decree approved, affirmed and made part of the judgment the separation agreement providing for the "support and maintenance" of the wife. Her maintenance and support were secured not only by the trust agreement and other property settlements but also by the personal obligation of the husband to contribute an annual sum. The Circuit Court of Appeals held that under New York law the terms of the trust would not be changed "unless the wife can disaffirm it for fraud, overreaching, or the like," citing *Galusha* v. *Galusha*, 116 N. Y. 635; 22 N. E. 1114; 138 N. Y. 272; 33 N. E. 1062; *Cain* v. *Cain*, 188 App. Div. 780; 177 N. Y. S. 178; *Hamlin* v. *Hamlin*, 224 App. Div. 168; 230 N. Y. S. 51. If the case was here on application of local law under the rule of *Erie R. Co.* v. *Tompkins*, 304 U. S. 64, we would not be

inclined to disturb that finding. But it is not. Here respondent is seeking to escape one of the normal incidents of the federal income tax. For that purpose he invokes the aid of New York law. In *Helvering* v. *Fitch, supra,* we stated that where the divorced husband desires to avoid the general rule expressed in *Douglas* v. *Willcuts, supra,* he carries a distinct burden of establishing not by mere inference and conjecture but by "clear and convincing proof" that local law and the alimony trust have given him a full discharge. We do not think that respondent has sustained that burden.

As stated by the Circuit Court of Appeals, it does seem clear that mere property settlements, though incorporated into the decree, may not be modified pursuant to the reserved statutory powers of the court, contained in N. Y. Civil Prac. Act §§ 1155, 1170. See *Cain* v. *Cain, supra; Goldfish* v. *Goldfish,* 193 App. Div. 686; 184 N. Y. S. 512. *Schnitzer* v. *Buerger,* 237 App. Div. 622; 262 N. Y. S. 385. Nevertheless these settlements may be remade by the court not only where an ordinary contract may be set aside but also where they are unfair, inequitable and unjust. *Hamlin* v. *Hamlin, supra.* Cf. *Tirrell* v. *Tirrell,* 232 N. Y. 224; 133 N. E. 569. As stated by the court in the *Hamlin* case (224 App. Div. at p. 171) the requirement is that "such contracts be not only free from taint of actual fraud or coercion but also fair and reasonably sufficient having regard to the station in life and circumstances of the parties." More important to this case, however, are *Kunker* v. *Kunker,* 230 App. Div. 641; 246 N. Y. S. 118 and *Holahan* v. *Holahan,* 234 App. Div. 572; 255 N. Y. S. 693. They make it plain that the covenants of a separation agreement are not "an insuperable obstacle to obtaining relief by modification of the allowances." *Holahan* v. *Holahan, supra,* p. 574. Cf. *Severance* v. *Severance,* 260 N. Y. 432; 183 N. E. 909. The reserved power apparently may be exercised where

the provision in the separate agreement, approved by the decree, is for support and maintenance (*Kunker* v. *Kunker* and *Holahan* v. *Holahan, supra*) but not where it is in settlement of claims of ownership to specified property. *Goldfish* v. *Goldfish* and *Schnitzer* v. *Buerger, supra*. The provisions of the separation agreement and the trust agreement here in question specifically relate to and were designed to afford support and maintenance for the wife. Unlike the purpose of the trust agreement in *Schnitzer* v. *Buerger, supra,* the purpose here apparently was not to compose any controversies over the securities. We need not decide whether the court retained the power to require respondent to make additional payments to the wife in case, say, all the securities in trust turned out to be worthless. All we do hold is that respondent has not shown by "clear and convincing proof" that the court lacks the power to add to his personal obligations in any such circumstances.

*Reversed.*

Mr. Justice Reed concurs in the result for the reasons stated in the dissent in *Helvering* v. *Fuller, ante,* p. 76.

The Chief Justice, Mr. Justice McReynolds, and Mr. Justice Roberts are of the opinion that the judgment of the Circuit Court of Appeals should be affirmed.