## Harold Ingraham, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 93365, 95153, 96554.    Promulgated June 12, 1940.

*Raymond M. Wansley*, *C. P. A.*, for the petitioner.
*E. A. Tonjes*, *Esq.*, for the respondent.

## OPINION.

HILL: Petitioner assigned herein a number of errors, giving rise to corresponding issues, but all of such issues, save one, were specifically waived by the parties in a stipulation filed at the hearing. The single issue submitted for decision, which is common to all of the consolidated proceedings, is whether or not petitioner is subject to tax on income derived in the taxable years by the trust established by him in 1924 for the support of his wife and children.

The rule announced in *Douglas* v. *Willcuts*, 296 U. S. 1, has been interpreted and applied in many cases under varying facts. It is now settled law that the grantor of an alimony trust is not taxable upon income where state law and the trust agreement constitute "*pro tanto* a full discharge from his duty to support his divorced wife and leave no continuing obligation, contingent or otherwise." *Helvering* v. *Fuller*, 310 U. S. 69, affirming 105 Fed. (2d) 903. In such circumstances, the trust income is to be treated the same as income accruing from property transferred by a debtor to a creditor in full satisfaction of his obligation. *Helvering* v. *Fitch*, 309 U. S. 149.

If either local law or the trust agreement imposes a continuing obligation to support, even though contingent, the trust income is taxable to the grantor. *Helvering* v. *Leonard*, 310 U. S. 80, reversing 105 Fed. (2d) 900, which reversed 36 B. T. A. 563. Cf. *E. T. Weir*, 39 B. T. A. 400; affirmed on this point, 109 Fed. (2d) 996.

In the *Leonard* case, the Supreme Court referred to the fact that the taxpayer there was seeking to escape one of the normal incidents of the Federal income tax, and for that purpose invoked the aid of state

law. The Court then pointed out that in *Helvering* v. *Fitch, supra*, it was stated that if the grantor of a trust seeks to avoid the general rule expressed in *Douglas* v. *Willcuts*, "he carries a distinct burden of establishing not by mere inference and conjecture but by 'clear and convincing proof' that local law and the alimony trust have given him a full discharge." And because the taxpayer had failed to show by "clear and convincing proof" that the state courts lacked power to add to his personal obligation in the event that the income of the trust should be insufficient to support his wife, the Court held the nonguaranteed income taxable to him.

In the present proceedings petitioner asserts that the separation and trust agreements of 1924 and the decree entered pursuant to the divorce action instituted by his wife in 1926 constituted a complete and final discharge from his obligation to support his wife. He also cites certain decisions of the Connecticut courts to show that, after entry of the divorce decree under the circumstances of this case, it was beyond the power of those courts to add to his personal obligations. On the other hand, respondent contends that the question has never been directly decided by the Connecticut courts, and argues that contrary conclusions should be drawn from the decisions cited by petitioner. We think petitioner has wholly failed to establish by "clear and convincing proof" within the rule of the *Leonard* case, *supra*, that local law and the trust created by him for the support of his wife and children gave him a final discharge.

At all events, a portion and possibly all of the trust income in controversy is taxable to petitioner on another ground. In 1937, the latest taxable year before us, one of petitioner's children was 20 years of age, and one was 17. In the earliest taxable year one was 17 and the other 14 years of age. Therefore, during all of the taxable years here involved, petitioner's children were minors, and he had a continuing obligation to support them, whether the trust agreement and divorce decree did or did not free him from further liability to contribute to the support of his former wife.

And to the extent that the income from the trust discharged petitioner's obligation to maintain and support the children, it is taxable to him. *Helvering* v. *Stokes*, 296 U. S. 551; *Helvering* v. *Schweitzer*, 296 U. S. 551. And see *Harry S. Blumenthal*, 34 B. T. A. 994; affd., 91 Fed. (2d) 1009.

Neither the divorce decree, separation agreement, or other contract, nor the establishment of a trust for such purpose, could relieve petitioner of his parental obligation to support his children. This principle is so universally recognized that citation of authorities is unnecessary. In *Leonard* v. *Helvering*, 105 Fed. (2d) 900, referred to *supra*, while the Circuit Court of Appeals held that the income paid to the

wife was not taxable to the grantor of the trust and on this point was reversed by the Supreme Court; the Circuit Court also held (which holding was not affected by the decision of the Supreme Court) that the trust income payable to the grantor's minor children was taxable to him, saying: "Pro tanto the trust was created in performance of Leonard's paternal duty of support, which he could neither commute nor discharge."

In the petitions filed in these proceedings, it is alleged that during each of the taxable years petitioner's two minor children were supported by their mother from the income of the trust. This allegation was admitted in the answer of respondent in respect of the year 1934 and formally denied in respect of the other taxable years, but we think petitioner is not in a position to base any defense upon such denial. Petitioner argues that the record here does not disclose any continuing liability on his part for the support of his children; that so far as shown they may not have been supported out of the income of the trust at all or may have died prior to the taxable years, in which event petitioner's liability for their support would have ceased. It seems to us quite obvious that if the children were supported by their mother during each of the taxable years from the trust income, they could not have been deceased.

However, if petitioner's paternal duty to support was in fact terminated for any reason prior to the taxable years, petitioner carries the distinct burden of establishing such fact "by clear and convincing proof." *Helvering* v. *Leonard, supra.* But petitioner urges that in any event only the income required to support the children is taxable to him, and there is no proof of what portion of the trust income, if any, was so used. Here again the rule of burden of proof operates to defeat petitioner's contention. So far as we are informed by the record, the entire amount of the income derived from the trust in each of the taxable years may have been used for the education, maintenance, and support of the children. Certainly respondent has determined that the whole of the income is taxable to petitioner, and the burden is upon petitioner to show that such determination is erroneous. *Lucas* v. *Structural Steel Co.*, 281 U. S. 264; *Wickwire* v. *Reinecke*, 275 U. S. 101; *Helvering* v. *Taylor*, 293 U. S. 507.

For the reasons indicated above, we hold that so much of the trust income as was used during the taxable years for the support and maintenance of the minor children is taxable to petitioner under authority of the *Blumenthal* decision and authorities therein cited. The remainder, if any, of the trust income in controversy we hold is taxable to petitioner under the rule stated in the *Leonard* case, *supra.*

*Decision will be entered for respondent.*