JOSEPHINE S. PEARCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96158.   Promulgated June 14, 1940.

*Gordon S. P. Kleeberg, Esq.,* for the petitioner.
*Leonard A. Spalding, Jr., Esq.,* for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined deficiencies of $310.20 and $327.96 in the income tax of the petitioner for the calendar years 1935 and 1936.   The Commissioner, in determining the deficiency for each year, added to the income disclosed on the return $6,000 representing an amount received by the petitioner during the taxable year under an annuity contract purchased for her benefit by her divorced husband. The propriety of the addition of the $6,000 is the only issue for decision by the Board.   The Board adopts as its findings of fact the stipulation of the parties.

The petitioner and William G. Pearce were married in Missouri and lived as husband and wife until the latter part of 1913, at which time they separated.   The husband then set up a trust for his wife's support and maintenance, under which she was to receive $350 a month.   He guaranteed the payments in case the income of the trust was insufficient.   Their agreement was changed in December 1916 to provide a monthly income for the petitioner of $500 and to provide that, should the husband purchase for the petitioner an annuity in one of six named insurance companies paying her $500 per month for the remainder of her life, she would agree to the termination of the trust and thereafter her husband would be under no personal obligation to pay or cause to be paid to her any further sum.   The petitioner obtained a divorce in Texas in January 1917.   The divorce was absolute.   They had no children.   She sought no alimony and none was

provided. The divorce decree made no mention of the agreements between the petitioner and her husband. It contained no provision reserving jurisdiction to later grant alimony or modify the decree in any way. The former husband purchased an annuity in May 1917 from the Travelers Insurance Co., which was one of the six companies named. The annuity was for the payment of $500 monthly to the petitioner for her life. The annuity was transferred to her and she gave the release which she had agreed to give. The trust was terminated and the corpus was returned to the husband. The petitioner is still in possession of the annuity and received during the taxable years $500 a month.

The sole contention of the petitioner is that the amounts in controversy are not taxable to her because they are taxable to her former husband. The respondent has conceded that the income is not taxable to the former husband. See *William G. Pearce*, Docket No. 98004, heard at the same time this case was heard. He contends there that the law of Texas, the agreement of the parties, and the annuity have given the divorced husband full discharge and leave no contingent obligation upon him with respect to his wife. He concludes that, under the recent decision of the Supreme Court in *Helvering* v. *Fitch*, 309 U. S. 149, the amounts are taxable to the wife, the present petitioner. See also *Helvering* v. *Fuller*, 310 U. S. 69.

Counsel for the petitioner contends that it has not been established in the present record upon clear and convincing proof and beyond mere inferences and vague conjectures that the husband was completely discharged under the laws of Texas by the arrangement made with his wife. He says it may not be assumed that under the laws of Texas the Texas court could not step in, upon failure for some reason of the annuity payments, and require the husband to support the petitioner. This case is different from the *Fitch* case, *supra*, and also from *Helvering* v. *Leonard*, 310 U. S. 80, in one respect which is quite important in so far as this contention of the petitioner is concerned. The difference is that in the *Fitch* and *Leonard* cases the taxpayer seeking to escape the tax was the husband, and any failure of proof or uncertainty was to his disadvantage, whereas here the taxpayer seeking to escape the tax is the wife, and any failure of proof or uncertainty is to her disadvantage. She has failed to show that the determination of the Commissioner is incorrect. The facts, on the contrary, tend to support the determination of the Commissioner.

*Decision will be entered for the respondent.*