*946 OPINION.
Black:
It will be observed from the facts which we have stated in our preliminary statement that part of the deficiency for 1935 is due to an addition by the Commissioner to petitioner’s income of $8,429.03 paid to Caroline S. Walter in 1935 from the William E. Walter trust which was set up in 1928 prior to a divorce between the parties in 1929. Petitioner does not contest this part of the Commissioner’s determination.
The facts show that this William E. Walter trust was terminated by agreement of all the parties approved by the court in 1935 and the corpus of the trust, after the payment of certain costs and expenses, was distributed one-half to William E. Walter and beneficiaries whom he named and the remaining one-half to Caroline S. Walter and the four adult children of Caroline S. Walter and William E. Walter. The part distributed to Caroline S. Walter was placed in trust with the Girard Trust Co. and Paul J. Furnas, as trustees, the income from which was to be paid to her for life, with remainder to her children.
The respondent in his brief states the issue involved in these proceedings to be:
Was tbe net income of a trust estate, called the Caroline S. Walter Trust, taxable to the petitioner herein during the years, 1935, 1936, and 1937, for the reason that the trust had been created to provide, and was providing, alimony for the petitioner’s divorced wife, Caroline S. Walter?
The petitioner opposes the contention of respondent on the ground that there is no language in the revenue act which indicates that the “legal obligation theory” of taxation is applicable' where the trustor has irrevocably transferred ownership of both the property and the income therefrom. Petitioner contends that he had no dominion or control over the income received by Caroline S. Walter from the Caroline S. Walter trust and he derived no benefit whatsoever from the payment by the trustee to her of this income, and that it was not to discharge any continuing obligation of petitioner.
Under the laws of the State of Pennsylvania alimony is not generally payable in the case of an absolute divorce. That subject was *947 fully discussed in the recent case of Dixon v. Commissioner (C. C. A., 3d Cir.), 109 Fed. (2d) 984. In that case, the court said, among other thiugs:
* * * provision for alimony on absolute divorce was made in but two oases: first, where the husband divorces the wife for “cruel and barbarous treatment or indignities to his person”, 1895 P. L. 308; second, where the divorced spouse, husband or wife, is insane, 1905 P. L. 212. As a consequence the courts were without power to decree alimony in any other circumstance to one freed from the bonds of matrimony. * * *
No such circumstances as named above exist in the instant case. However, while it is true that under the laws of the State of Pennsylvania it is clear, except under very limited circumstances, that there is no continuing obligation on the part of a former husband to support and maintain his divorced wife, nevertheless, it is an obligation which he may validly assume by contract. Glendinning v. Commissioner, 97 Fed. (2d) 51, affirming 36 B. T. A. 486; Weir v. Commissioner, 109 Fed. (2d) 996, affirming on this point, 39 B. T. A. 400; Barbour v. Commissioner, 110 Fed. (2d) 660, affirming 39 B. T. A. 553.
It will be assumed that the trust settlement which petitioner fixed upon his wife by agreement in 1928 at the time a suit for limited divorce was pending, by which she was to be paid $1,000 a month during the period of her natural life in lieu of alimony, etc., and which was subsequently amended by agreement to provide $833.33 per month after income of the trust fell off greatly, comes within the ambit of the above cited cases. Evidently petitioner concedes that this is true, because he does not assign any error attacking the action of the Commissioner in including in his income for 1935 the amount which Caroline S. Walter received from the 1928 William E. Walter trust. The facts show, however, that in 1933 the petitioner brought a suit in equity to set aside this 1928 trust agreement and to return the trust corpus to petitioner. The pleadings in this equity suit are in the record and are quite voluminous and need not be set out here. Suffice it to say that a complete agreement of settlement was reached in this suit in February 1935. By the terms of the agreement, which were approved by the court, certain income of the William E. Walter trust accumulated prior to the date of distribution of corpus was to be paid over to Caroline S. Walter. We presume that this is the $8,429.03 which the Commissioner has added to petitioner’s income in 1935 from the William E. Walter trust and which he does not contest.
The corpus, after the payment of certain charges not here involved, was divided one-half to William E. Walter and the beneficiaries whom he named and one-half to Caroline S. Walter and the four adult children of petitioner and Caroline S. Walter. The part which *948 went to Caroline S. Walter was placed in trust, the income to be paid to her for life, with remainder to her four children.
We agree with petitioner that he has no interest in this income and that none of it is taxable to him. The Supreme Court of the United States recently decided three cases dealing with the general subject which we have under discussion. These were Helvering v. Fitch, 309 U. S. 149; Helvering v. Fuller, 310 U. S. 69; and Helvering v. Leonard, 310 U. S. 80. The facts of the instant case are not on all fours with any of those cases, but we think Helvering v. Fuller comes nearest to the situation we have in the instant case. In the Fuller case, the Supreme Court held that the income from the trust in question was not taxable to the husband, who was the settlor of the trust. Among other things the Court said, in that connection:
⅜ * * If respondent had not placed the shares of stock in trust but had transferred them outright to his wife as part of the property settlement, there seems to be no doubt that income subsequently accrued and paid thereon would be taxable to the wife, not to him. Under the present statutory scheme that case would be no different from one where any debtor, voluntarily or under the compulsion of a court decree, transfers securities, a farm, an office building, or the like, to his creditor in whole or partial payment of his debt. Certainly it could not be claimed that income thereafter accruing from the transferred property must be included in the debtor’s income tax return. If the debtor retained no right or interest in and to the property, he would cease to be the owner for purposes of the federal revenue acts. See Helvering v. Clifford, 309 U. S. 331. * * *
The Court concluded:
For the reasons we have stated, it seems clear that local law and the trust have given the respondent pro tanto a full discharge from his duty to support his divorced wife and leave no continuing obligation, contingent or otherwise. Hence under Helvering v. Fitch, 309 U. S. 149, income to the wife from this trust is to be treated the same as income accruing from property after a debtor has transferred that property to Ms creditor in full satisfaction of his obligation.
Ill the instant case the parties, after a suit had been brought in equity by petitioner to set aside the trust agreement of 1928, had a complete settlement agreement. Petitioner retained no interest whatever in the one-half of the trust corpus which was awarded to Caroline S. Walter and the four children. They in turn had no interest whatever in the one-half which was awarded to petitioner. After the consummation of this agreement there was no continuing obligation whatsoever, either by contract or state law, on the part of petitioner to support and maintain his divorced wife. Thereafter the payments which the Caroline S. Walter trust paid to her in each of the taxable years were not paid to her to discharge any legal obligation which petitioner owed to Caroline S. Walter, and such income is therefore not taxable to him. On this issue, petitioner is sustained. Cf. Harry T. Nicolai, 42 B. T. A. 899.

Decision will be entered under Bule 50.