HENRY MARTYN BAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99944.    Promulgated March 19, 1941.

*Edward S. Bentley, Esq.*, for the petitioner.
*L. A. Spalding, Jr., Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The single issue for our determination is whether the income from the trust created by petitioner for his wife and child is taxable to him for the years 1934, 1935, 1936, and 1937. No issue was made or proof adduced as to the specific amounts of money involved in the various payments herein referred to. It is assumed the parties are in agreement as to the segregation and application thereof.

Petitioner contends that the trust was a lump sum settlement of all claims of petitioner's wife for maintenance and support and no obligation of petitioner was satisfied or discharged by payment of the income of the trust. He asserts that he realized no income from the payment of trust income to his wife, since he was relieved from all obligation to support her upon dissolution of their marriage. He urges that the assumption by his wife of the duty to support their son relieved him of that burden, so that the income of the trust which was payable for

maintenance and support of the son was not includible in his income, under the doctrine of *Douglas* v. *Willcuts*, 296 U. S. 1. He further contends that, since he paid a gift tax upon that portion of the trust attributable to the support of his son, the present position of respondent is not tenable.

Respondent argues that petitioner has not sustained the burden of showing, by clear and convincing proof, that he was discharged from all obligation to support his wife after the divorce. He maintains that the income of the trust used for the education, maintenance, and support of the son is includible in petitioner's gross income, since it discharged petitioner's obligation. Finally, he contends that the possibility of reverter which petitioner retained is sufficient to bring the accumulated income of the trust within the purview of section 167 (a) (1) of the Revenue Acts of 1934 and 1936.

Petitioner has cited many cases in his attempt to distinguish this proceeding from *Helvering* v. *Leonard*, 310 U. S. 80. In that case the Supreme Court had before it an "alimony trust" which had been approved and incorporated in a New York divorce decree. The husband who had created the trust guaranteed principal and interest of certain bonds which formed approximately two-thirds of the trust corpus. The court decided in favor of the Commissioner on two grounds—that the guaranty of the bonds constituted a continuing obligation of the taxpayer which was discharged *pro tanto* by payment of interest on those bonds to the trustee, and that the taxpayer had not "shown by 'clear and convincing' proof that the [divorce] court lacks the power to add to his personal obligations in any such circumstances."

Petitioner contends that the present proceeding differs materially from the *Leonard* case in that here the state court did not incorporate the trust agreement in its decree of divorce. We do not believe that to be a valid distinction. Section 1170 of the New York Civil Practice Act [1] provides that a court, in an action for divorce

---

[1] § 1170. *Custody and maintenance of children, and support of plaintiff in action for divorce or separation.* Where an action for divorce or separation is brought by either husband or wife, the court, except as otherwise expressly prescribed by statute, must give, either in the final judgment, or by one or more orders, made from time to time before final judgment, such directions as justice requires, between the parties, for the custody, care, education, and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the plaintiff. The court, by order, upon the application of either party to the action, or any other person or party having the care, custody and control of said child or children pursuant to said final judgment or order, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, may annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for the custody, care, education and maintenance of any such child or children *or for the support of the plaintiff* in such final judgment or order or orders. But no such application shall be made by a defendant, or any other person or party having the care, custody and control of said infant or infants, unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained.

brought by the wife, may amend its final judgment by inserting in it such directions as justice requires for the custody, care, education, and maintenance of the children of the marriage or for the support of the wife. It has been held that the "effect of the statute [section 1170] is to write a reservation into every final judgment of divorce." *Fox* v. *Fox*, 263 N. Y. 68; 188 N. E. 160. Thus the court retained as much power to revise its decree as did the divorce court in *Helvering* v. *Leonard, supra*. Furthermore, the interlocutory decree of divorce rendered in favor of petitioner's wife stated that "the defendant has provided for the support and maintenance of the plaintiff and that no further provision need be made *at this time*." Although this is not an incorporation of the trust agreement in the divorce decree such as was present in the *Leonard* case the reference inferentially indicates approval of the agreement by the court. We believe the final clause of the quoted provision is significant.

The same arguments with regard to lack of power in the state court to change the trust instrument or the obligations of the taxpayer husband were made in *Helvering* v. *Leonard, supra*, as petitioner has urged here. Those contentions were not sufficient to persuade the Supreme Court in the *Leonard* case and do not convince us. We hold that the income from the trust payable to petitioner's former wife for her maintenance and support was income to petitioner in the taxable years.

In his notice of deficiency respondent included in petitioner's gross income for the taxable years the trust income which was used for the maintenance and support of his minor son. Respondent's action in this respect was clearly correct. *Helvering* v. *Schweitzer*, 296 U. S. 551; *Helvering* v. *Stokes*, 296 U. S. 551.

Upon brief counsel for respondent argued that any income accumulated under terms of the trust is taxable to petitioner under section 167 (a) (1) of the Revenue Acts of 1934 and 1936. He contends that petitioner failed to divest himself of every right which might enable him to have the income of the trust distributed to him at some future date. He relies on *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401; *Mary Ryerson Frost*, 38 B. T. A. 1402; and *Everett D. Graff*, 40 B. T. A. 920; affd., 117 Fed. (2d) 247. We think, however, that this case more closely resembles *Christopher L. Ward*, 40 B. T. A. 225, and *Marrs McLean*, 41 B. T. A. 565, and *John P. Wilson*, 42 B. T. A. 1260, in which we held that mere possibility of reverter was not sufficient to make accumulation of income taxable to the grantor under section 167 (a) (1). The possibility that the present trust might revert to petitioner is too remote for us to hold that its income is or may be held or accumulated for petitioner.

*Altmaier* v. *Commissioner*, 116 Fed. (2d) 162, is not *contra*. There the taxpayer created trusts the income of which was to be accumu-

lated while he lived or until his wife died. If she should predecease him he was to receive the income for the rest of his life. The taxpayer and his wife were given the right to terminate the trust during his lifetime by joint action. The court held that the accumulations were within the scope of section 167. That case may be distinguished from the one before us, however, in that there the wife was not a substantial adverse interest, whereas here, by virtue of the divorce, the wife's interest was substantially adverse. Furthermore, in the case before us the possibility that the trust corpus might revert to petitioner is much more remote. The facts in *Everett D. Graff*, *supra*, are like those in the *Altmaier* case and may be similarly distinguished.

We can not concern ourselves in the instant case with the fact that respondent determined a gift tax liability as to the son's interest and collected a tax thereon. We are here considering solely petitioner's income tax liability.

We hold that petitioner is taxable in each of the years before us on the trust income paid to the wife and upon that part of the trust income which was paid for the maintenance and support of the son. The amounts accumulated under the terms of the trust are not includible in petitioner's gross income for the taxable years.

*Decision will be entered under Rule 50.*