## PEARCE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 155.

Circuit Court of Appeals, Second Circuit.

May 19, 1941.

L. HAND, Circuit Judge, dissenting.

Gordon S. P. Kleeberg, of New York City (Gordon S. P. Kleeberg and Jacob Greenwald, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Michael H. Cardozo, IV, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner, a resident of the City of New York, is the divorced wife of William G. Pearce, who is also a resident of New York City. In 1913, while they were still married but were not living together and were childless, the husband created a trust to provide for the separate support of his wife for life to the extent of payments to her of $350 monthly and to be in lieu of all her dower or other rights in any property owned by him or by them together and in discharge of all her claims upon him for support and maintenance. By a supplemental trust agreement made in 1916, the monthly payments were increased to $500 and the husband was given the option to terminate the trust and all the claims of the beneficiary wife upon it or upon him by purchasing and delivering to the wife an annuity contract under which one of several designated insurance companies agreed to pay to the wife the sum of $500 monthly during her life. Within a few days after the making of this supplemental

agreement, the wife, who had acquired a residence in Texas for that purpose, brought her petition in a Texas court for an absolute divorce. The husband entered his appearance in that action and in due course such a divorce was granted to the wife on Jan. 13, 1917. The decree was silent as to property rights; alimony or support and maintenance of any kind. There was no express retention of jurisdiction for such purposes.

Thereafter, and on May 1, 1917, the husband purchased and delivered to his former wife an annuity in one of the insurance companies mentioned in the supplemental agreement payable to her in the amount of $500 each month so long as she lived. He paid a lump sum for the annuity and was entitled to no return of premium or payment of any kind upon her death or at any other time. Payments have been made by the insurance company and received by the wife regularly ever since in accordance with the terms of the annuity contract.

Neither the husband nor the wife included such payments made to her in the years 1935 and 1936 in their income tax returns. The Commissioner included such payments in the gross income of each for those years and notified each of the deficiency so created. Both appealed to the Board for redetermination and the two appeals were heard together. The Commissioner conceded at the hearing before the Board that the deficiency determined in the income of the former husband was erroneous and insisted that that in the income of the former wife was correct. The Board redetermined the deficiencies in accord with the position of the Commissioner and the former wife brought this petition to review the redetermination of the deficiency in her income.

The petitioner bases her contention upon what is called the general rule that payments to a divorced wife which discharge a continuing obligation of her former husband to provide for her support are to be included in his taxable income. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L. Ed. 3, 101 A.L.R. 391. And further that the continuing obligation of the husband is to be treated as existing after the divorce decree because of the presumed power, until the contrary is clearly shown, of the divorce court to alter or amend the decree to charge the husband with the support of his former wife whether or not the decree as originally granted included provisions for alimony or property settlements. In support of this part of the petitioner's argument reliance is put upon Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665 and Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087.

These principles are, of course, decisive where they are applicable and decision here must depend upon how they apply to a situation where the deficiency as redetermined has resulted not from an inclusion of payments made to the divorced wife in the gross income of the former husband but because they have been put into that of the divorced wife who actually did receive them. The ordinary rule that gross income includes income "derived from any source whatever" (Sec. 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 669, is also a general one and to be given effect unless an exception excludes it. Moreover, the determination of the Commissioner is presumptively correct and the burden to show error rests upon the petitioner. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184.

The commissioner having determined the deficiency by including the payment in the gross income of the recipient and the Board having upheld the Commissioner, the petitioner now cannot relieve herself from the resulting taxation unless she can show that the decision under review was erroneous. Although she might show error by submitting clear and convincing proof that the payments she received did discharge a continuing obligation of her husband to provide for her support even after the decree of divorce so as to make the rule of Douglas v. Willcuts, supra, applicable in accordance with the decisions in Helvering v. Fitch and Helvering v. Leonard, both supra, she, being faced with the burden of overcoming an adverse decision of the Board, cannot prevail merely by showing that such an obligation upon the husband might have existed under Texas law. She was bound to show with such clarity that it did that the failure of the Board to recognize it and give it effect was error.

In this respect all that does appear, however, is doubt and uncertainty. There seems to be no statutory provision in Texas for decreeing alimony or support and maintenance as such to a divorced wife.

230

Art. 4638 of Vol. 13 Vernon's Texas Civil Statutes provides, at the time a decree of divorce is pronounced, for "a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any". No case has been called to our attention, and we have found none, where the Texas Supreme Court has held that after a valid decree has become final there is any power to amend it by making new or altered provisions for the financial benefit of a divorced wife except in respect to community property. The nearest approach the petitioner has made to carrying her burden to show error is found in Cannon v. Cannon, 43 S. W.2d 134, where the Court of Civil Appeals held there was no jurisdiction to grant the petition of a divorced wife to amend the decree in respect to division of property. An appeal to the Supreme Court of Texas was dismissed for want of jurisdiction. Cannon v. Cannon, 121 Tex. 634. Under the practice then prevailing such a decision could have meant either that the Supreme Court disagreed with the reasons given in support of the judgment below or held that it actually had no jurisdiction of the appeal. However, that may be, the matter is still so left at large that the petitioner has made no clear and convincing showing that the annuity payments received in either of the taxable years here involved came within the general rule set forth in Douglas v. Willcuts, supra, and so she has failed to show that the presumptively correct decision of the Board was erroneous.

Affirmed.

L. HAND, Circuit Judge, dissents with opinion.

L. HAND, Circuit Judge (dissenting).

We all agree that the law of Texas is uncertain as to whether the taxpayer's husband discharged himself of his marital liability by the settlement at bar. Therefore, if the taxpayer in order to escape had to show that the settlement did not discharge her husband, the Board was right; she did not do so. But the uncertainty of the law of Texas is obviously a separate issue from the actual law of Texas. Since she did show that it was uncertain, she therefore succeeded if that was the only relevant issue. As I read Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665, and Helvering v. Leonard, 310 U.S.

80, 60 S.Ct. 780, 84 L.Ed. 1087, the husband is liable in these cases not only when the settlement does not discharge his marital liability, but when the law of his domicil leaves it uncertain whether the settlement has done so. For these reasons I think that the Board was wrong.