HALBERT P. GILLETTE AND WINIFRED GILLETTE, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HALBERT P. GILLETTE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104368, 104369.   Promulgated March 11, 1942.

*A. Calder Mackay, Esq.,* for the petitioners.
*E. A. Tonjes, Esq.,* for the respondent.

574

OPINION.

HARRON: Respondent included in petitioner's taxable income the entire trust income in the taxable years. The main questions are whether any of the trust income is taxable to petitioner, and, if so, how much thereof is taxable to him.

Before turning to the main question the following is pointed out: After the property settlement agreement was executed petitioner obtained a divorce from his then wife in Nevada. The decree did not make any provision for support or alimony for the divorced wife and it did not reserve to the court any power to modify the decree. Under Nevada law the decree was final and, as it did not award alimony to the wife, she was foreclosed from ever obtaining any award for alimony. *Sweeney* v. *Sweeney*, 42 Nev. 431; 179 Pac. 638, and petitioner was not obligated under the divorce decree to continue to provide support for his former wife. If petitioner had not guaranteed, in the property settlement agreement, an annual income of $3,000 a year to his former wife, by virtue of his guarantee to make up any deficiency in the trust income up to $3,000, none of the trust income in question would be taxable to petitioner in the taxable years under the rule of *Helvering* v. *Fuller*, 310 U. S. 69. But the situation here is different from that of the *Fuller* case. This case, rather, comes within the rule of *Helvering* v. *Leonard*, 310 U. S. 80, as is shown hereinafter.

Petitioner is taxable upon the trust income [1] which was used to discharge his obligation, assumed by him under the property settlement agreement. He executed a property settlement agreement, in lieu of alimony, the express purpose of which, *inter alia*, was to provide the former wife with an annual income of $3,000 for life. A trust was created by petitioner and his former wife for her support. Petitioner's obligation to provide her with an annuity was assumed by him under a contract, under which his former wife released petitioner from all claims which she had for "alimony, support, or for any other cause." Petitioner acquired, in effect, the interest of his former wife in his property in consideration of his agreement to pay her $3,000 a year during her lifetime. The trust was in the nature of collateral security to insure such payment. If the trust income was not sufficient to yield to the beneficiary such annual income, petitioner was obligated to pay to the trustee any deficiency so that she would receive the stipulated amount. The trust income was to be used to satisfy his legal obligation arising from the property settlement agreement. The fact that petitioner later obtained an absolute divorce from the former wife, without any provision for alimony or support, does not in any way wipe out petitioner's continuing legal obligation which he assumed under the agreement. Petitioner's obligation was in the form of a guarantee that the stipulated amount would be paid to his former wife, and that guarantee was a continuing obligation. It reached into the taxable years. So far as petitioner's guarantee was concerned, the

---

[1] None of the trust income was derived from any property of the former wife which she conveyed to the trustee. All of the trust income was derived from stocks conveyed to the trustee by petitioner.

divorce decree and the establishment of the trust "permitted his pre-existing unconditional duty to be transformed into a limited contingent one." *Helvering* v. *Leonard, supra.* Petitioner's obligation was discharged as income was received by the trustee, and he received benefit by the payments of the trust income to his former wife. The trust income which served to discharge petitioner's guarantee constituted income to the petitioner and he is taxable on such income. *Alsop* v. *Commissioner*, 92 Fed. (2d) 148; certiorari denied, 302 U. S. 767; *Glendinning* v. *Commissioner*, 97 Fed. (2d) 51; *Weir* v. *Commissioner*, 109 Fed. (2d) 996; certiorari denied, 310 U. S. 637; *Helvering* v. *Leonard, supra;* Paul, Five Years with Douglas v. Willcuts, 53 Harvard Law Review 1.

The cases above cited are controlling in the matter of petitioner's liability for income tax on the income of the trust which discharged his continuing obligation to his former wife. However, in all of the cases in which the question has been considered, the income of the particular trust was not in excess of the amount of the annual income guaranteed by a husband who created an alimony trust for a wife, later divorced. In this case, because the trust income in 1936 exceeded the guaranteed amount of $3,000, a question of first impression arises. See Paul, Studies in Federal Taxation, Third Series, pp. 272, 273. Is petitioner taxable on all of the trust income in the amount of $7,035.94, or only upon such income as discharged his obligation, $3,000? The Supreme Court in the *Leonard* case has indicated clearly that the reason for taxing income from such a trust to the husband at all is the very reason why the *amount* of the income taxable to him is limited to the amount which he has guaranteed. It was said in the *Leonard* case that:

* * * the case in substance is the same as those where pursuant to contract or arrangement an obligation is discharged by another for the taxpayer's benefit; * * * or where the taxpayer creates a trust, the income of which is applied to the discharge of his debt.

The petitioner had a contingent obligation to pay $3,000 a year to a trustee for his wife's benefit, which was much the same as being liable for a "debt." He has received "income" to the extent that his liability has been discharged, but anything paid to the wife from the trust income above $3,000 was not paid in discharge of petitioner's obligation. Accordingly, petitioner is taxable upon not more than $3,000 of the trust income in the year 1936.

In 1936 the dividends on the Gillette Publishing Co. stock consisted of $2,160.94 in cash and a note for $4,875. Petitioner urges that the guarantee to the wife of annual income of $3,000 was discharged to the extent of the cash dividends only. The trustee distributed only the cash dividends and retained the note. There is no evidence whatever as to the value of the note and it must be assumed that its value

was equal to the face amount less discount, at least. *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462. The trustee was required to distribute currently all *dividends*, after the trustee's expenses, to the former wife. Dividends may be paid in cash or in notes or in other property. It was the general intent that the trustee should distribute all dividends, without any restrictions as to the form of the dividends. Consequently, all of the trust income in 1936 was *distributable* income. It is held that the amount of the trust income in 1936 which served to discharge petitioner's guarantee was $3,000, and he is taxable on that amount in 1936. In 1937 the trust income was $1,618. Respondent properly included that amount in petitioner's taxable income.

There is a remaining question. In his brief, petitioner claims that Winifred Gillette, petitioner, is not·liable for any deficiency, under the joint return, for 1936 in Docket No. 104368, the deficiency resulting from Halbert P. Gillette's income. That question must be answered contrary to petitioner's contention on authority of *George W. Schoenhut*, 45 B. T. A. 812, which states that *Ella T. Flaherty, Executrix*, 35 B. T. A. 1131, will not be followed hereafter by the Board.

Reviewed by the Board.

> *Decision will be entered under Rule 50 in Docket No. 104368 (1936). Decision will be entered for the respondent in Docket No. 104369 (1937).*