## MOORHEAD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4903.

Circuit Court of Appeals, Fourth Circuit.

April 6, 1942.

Henry L. D. Stanford, Jr., of Baltimore, Md. (Joshua W. Miles, of Baltimore, Md., on the brief), for petitioner.

Michael H. Cardoza, IV, Sp.Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and DOBIE, Circuit Judges, and WARING, District Judge.

DOBIE, Circuit Judge.

This appeal involves income taxes for the years 1936 and 1937, in the amounts of $737.95 and $747.30 respectively, assessed against the petitioner, William H. Moorhead (hereinafter called Moorhead). The appeal was taken from a decision of the Board of Tax Appeals (hereinafter called the Board).

Moorhead's grandmother (hereinafter called the testatrix) died on August 21, 1908, leaving a will dated June 13, 1903, under which a trust was created for the benefit of Moorhead and others. A codicil to this will, executed by the testatrix in 1905, provided: "Third.—I will and direct that neither the income, payable to my grandson, William H. Watt (Moorhead), nor the corpus from which the same is derived, shall be liable to or for the contracts or debts of said William H. Watt or to execution or attachments, at the suit of any of his creditors; but shall be absolutely free from the same, and he shall have no power to sell, assign, or encumber the same or any part thereof, or to in any way anticipate the said income."

After testatrix's death, the trustees began to make payments to Moorhead, whose entire income came from the trust. On May 4, 1903, Moorhead married, and his wife, Gertrude Moorhead (hereinafter called the wife), remained his wife during the years involved in this case. In 1916, in an action brought by the wife, the Court of Common Pleas of Allegheny County, Pennsylvania, ordered Moorhead to pay the wife the sum of $7,000 a year, until further order of the court, for her maintenance and support. Later, the wife procured a decree from this same court enjoining the trustees from paying any portion of the trust proceeds until further order of the court. On appeal, the Supreme Court of Pennsylvania held that the wife could collect from Moorhead's share of the trust proceeds, her allowance for maintenance and support. In re Moorhead's Estate, 289 Pa. 542, 137 A. 802, 52 A.L.R. 1251, and, for an interesting note dealing with this case, see 28 Va.L.Rev. 527, 533. See, also, In re Stewart's Estate, 334 Pa. 356, 5 A.2d 910. And, thereafter, the trustees, accordingly paid the sum of $7,000 a year directly to the wife.

We are concerned only with a single question. Must Moorhead pay a federal income tax, under Section 22(a) of the Rev-

38

enue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 22(a), for each of the years 1936 and 1937, on the sum of $7,000, paid by the trustees directly to the wife, out of Moorhead's portion of the income payable to him under the spendthrift trust created by the will of testatrix? This question was answered affirmatively, and we also think correctly, in the decision of the Board.

Only one contention of Moorhead requires notice. He contends that testatrix entertained a lively affection for the wife and that the Pennsylvania Supreme Court in the case of In re Moorhead's Estate, supra, decided that the wife, as to the allowance to her from the proceeds of the trust fund, took an interest directly from the will of testatrix. Though certain expressions in the opinion in that case lend some support to this view, we nevertheless think that the contention lacks merit. As we read the opinion, all that the Court held, or intended to hold, was that the wife (i. e., this particular wife) was not excluded, under the words of testatrix's will creating the spendthrift trust, from resorting to the income received by Moorhead under the trust in order that the wife might thereby satisfy any valid claim she might have against Moorhead arising out of his duty to maintain and support the wife.

In the instant case, it seems clear that Moorehead's duty to maintain and support the wife was a continuing duty. Further, the allowance to the wife of $7,000 a year during the years in question was still in gremio legis and subject to the control of the Pennsylvania Courts. Moorhead, accordingly, derived obvious benefit from the payments to his wife in discharge of his marital obligations. He must, therefore, include the amounts thus paid to his obligee in his own gross income tax. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391; Helvering v. Schweitzer, 296 U.S. 551, 56 S.Ct. 304, 80 L.Ed. 389; Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665; Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087. Our holding, we think, is directly in line with the views expressed by Mr. Justice Douglas in the very recent case of Pearce v. Commissioner, 62 S.Ct. 754, 86 L.Ed. ——, decided by the U. S. Supreme Court March 9, 1942.

We, accordingly, affirm the decision of the Board of Tax Appeals.

Affirmed.