LAWRENCE MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 106600.　Promulgated June 29, 1943.

*Franklin P. Hays, Esq.*, for the petitioner.
*J. O. Durkan, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* With respect to the first issue. it is our opinion that the evidence here establishes the existence of every element of a valid, legal gift of the Frankfort Distilleries stock to the minor son of petitioner. With that fact clearly established, it becomes apparent that thereafter the income from the property which was the subject of the gift was the income of the donee, and not that of the petitioner. We find no evidence of any intention on the part of this petitioner to create a trust in 1938, or at any time, involving the stock or the income therefrom. But, in view of our holding that an earlier gift of the stock had been effected, even if an attempt had been made to create a trust at some later date, it would certainly have been unavailing. *James T. Pettus,* 45 B. T. A. 855. Equally futile was the attempted agreement between petitioner and his wife as to the use of the income from the stock which was the sole property of their minor son. The divorce court had the power to require petitioner or his wife to furnish adequate support for the child. but neither the parties nor that court had any power to direct the expenditure of the child's own funds for that purpose, since the jurisdiction of the guardianship court had already been invoked with respect to that property. The laws of Kentucky require a father to support his infant children, even though they may be possessed of an estate of their own. *Hedges* v. *Hedges,* 73 S. W. 1112 (Court of Appeals of Kentucky, Apr. 21, 1903). We may therefore assume, in view of the financial status of the petitioner, that the guardianship court would not have permitted the use of the funds for the child's support. Clearly, therefore, the money was not available to petitioner for the support. maintenance, or education of his child, or for the discharge of petitioner's legal obligations, within the rule of *Helvering* v. *Stuart,* 317 U. S. 154, or of *Douglas* v. *Willcutts,* 296 U. S. 1.

Respondent suggests that the funds used for the purchase of insurance contracts for the benefit of the child. on petitioner's life, should be taxed to petitioner under section 167 (a) (3). That section is manifestly inapplicable. No trust was created for the payment of the premiums, but they were paid by the child. and for his own benefit. All such expenditures which were made from the income here involved for the purchase of insurance were made with the specific approval of

the guardianship court, and we can not say, as respondent contends, that they were illegally made, or illegally received as benefits by the petitioner.

We therefore conclude that none of the income, either dividends or interest, arising from the stock which was given to petitioner's son in 1935 and 1936 is taxable to petitioner.

In the property settlement which petitioner and his wife made in anticipation of their divorce, the petitioner agreed either (1) to pay his wife $2,400 per year, or (2) to transfer to her sufficient stock to provide a yearly income of $2,475. In the event he chose the second alternative, he agreed that if, during any year, the stock failed to yield the stipulated amount of $2,475, petitioner would then pay to his wife the difference between the actual yield and $2,475. It is this provision which gives rise to the chief difficulty encountered here.

Petitioner chose to and did make an outright transfer of the stock of the Standard Oil Co. of Kentucky to his wife. The respondent contends that, in spite of the completed and unrestricted transfer of the block of stock to his wife, petitioner, by his agreement to make up any deficiency in dividends, has undertaken a continuing obligation to provide his wife with $2,400 per year. In view of the fact that petitioner's contingent obligation was in the amount of $2,475, and the income from the stock was in this amount, it would seem that respondent is inconsistent in his contention that only $2,400 should be included in petitioner's taxable income.

The respondent's view is undoubtedly nurtured by the line of cases in which it has been held that, where trusts are regarded merely as security devices for the discharge of a continuing obligation of the donor, the entire income thereof is taxable to the donor of the trust. See *Helvering* v. *Leonard*, 310 U. S. 80.

However, in those cases, the taxpayer-husband made use of the trust device for the purpose of allocating the future income from property owned by him to the payment of an obligation, presently existing and continuing, without transferring the property itself to the obligee.

If X has an obligation for the support of his estranged wife in the sum of $10,000, and has property producing an income to him of $10,000, he is not relieved from the payment of income tax upon this item of income because of his agreement to pay or his payment of this amount in satisfaction of this obligation. If he places this same property in the hands of trustees for the purpose of applying the income to the payment of the continuing obligation to support (the obligation not being finally satisfied by the creation of the trust), it is apparent that the situation is similar, for all practical purposes, to the first hypothetical case in which no trust device was used.

But, where the income-producing property is not held by the tax-

payer-husband or by a trust created by him for the purpose of holding the property and paying over the income to the wife, as in this case where the income-producing property is itself given by absolute gift to the wife in *pro tanto* satisfaction of the obligation. we are unable to spell out any justification for taxing the income from the property to the husband, rather than to the wife who has received the income by virtue of her ownership of the property, even if the property itself was received by her in satisfaction of her husband's obligation to support her.

This conclusion would seem to be in accord with the latest opinion of the Supreme Court on this subject in the case of *Pearce* v. *Commissioner*, 315 U. S. 543, in which the Court carefully pointed out that in the *Leonard* case and the cases of *Helvering* v. *Fitch*, 309 U. S. 149, and *Helvering* v. *Fuller*, 310 U. S. 69, there were involved so-called alimony trusts, and then said:

But where, as here, the settlement appears to be absolute and outright and on its face vests in the wife the indicia of complete ownership, it will be treated as that which it purports to be, in absence of evidence that it was only a security device for the husband's continuing obligation to support. * * *

In the instant case there is no reason apparent on the record to question the validity of the transfer of absolute ownership of the stock in question to the wife or to suppose that she held title to it only as security or pledge for the fulfillment of petitioner's obligation. On the contrary, it would seem that this obligation was discharged *pro tanto* by the transfer to her of the stock. It is significant that even after the remarriage of petitioner and his divorced wife the latter continued to be absolute owner of the stock, thus indicating that she did not hold the stock merely as security.

Respondent contends that petitioner is taxable on this "amount of $2,400 [*sic*] by virtue of section 22 (a) of the Revenue Act of 1938." We are not aware of any cases construing this section which hold that individual A is taxable on income received by individual B which is derived from property of which B is the absolute owner, though the property is obtained from A by gift or in satisfaction of some obligation; and we are not disposed to extend the application of this section to such a result. If the transfer of absolute ownership of the property is valid, the income thereafter derived from the property is taxable to the transferee, who is then the owner of both the property and the income; and the motive or purpose of the transfer is immaterial.

In the comprehensive article "Five Years with *Douglas* v. *Willcutts*," 53 Harvard Law Review 1, Randolph Paul observes:

It is unlikely that income from funds given outright to a wife in settlement of her marital rights could be taxed to the husband. * * * The correct ground for refusing to tax such income to the husband is merely that it is the lump

sum which discharges him, and not the future income received by the wife. *Even if a misguided husband guarantees that the fund will yield a stipulated amount per year, it is unlikely that even the broadest interpretation of Section 22 (a) would warrant an imposition of the tax upon him without a specific statutory mention of such a situation, and even such a specific provision would encounter constitutional difficulties.* [Italics supplied.]

We agree with the sentence *in italics* in the quotation set out above. Reviewed by the Court.

*Decision will be entered for petitioner.*