## JOHNSON v. UNITED STATES.

### SAME et al. v. SAME.

### Nos. 342, 343.

District Court, W. D. Kentucky, Louisville.
Jan. 17, 1947.

Louis Seelbach, of Louisville, Ky., for plaintiffs.

David C. Walls, U. S. Atty., of Louisville, Ky., Sewall Key, Acting Asst. Atty. Gen., Andrew D. Sharpe and Leland T. Atherton, Sp. Assts. to Atty. Gen., for defendant.

SWINFORD, District Judge.

The question presented in this case is whether income paid to the taxpayer's divorced wife under a trust (created for the sole purpose of providing maintenance for the wife and children), the provisions of which have been approved in the divorce decree, is taxable to him.

It is conceded that the income from the trust fund for the benefit of the children is taxable.

In dealing with the income from the trust fund for the wife it is urged that it cannot be separated and thus regardless of any other consideration it must also be subject to taxation, as a part of the husband's income. I cannot agree with this reasoning. It is disclosed by the record in the divorce proceeding in the Jefferson Circuit Court that it was within the contemplation of the parties that $30,000 of the $100,000 was for the benefit of Mrs. Johnson. The agreement originally and as made a part of the decree provided: "(3) At the wife's death or in the event of her remarriage to some person other than her present husband, which contingency might occur if he should predecease her or if Willard Gordon Johnson and Lucile Anderson Johnson should be divorced, the wife's share shall revert equally to the said two children and be held by the trustee for their use and benefit; provided, however, that in the event the wife should remarry some person other than her present husband, Thirty Thousand ($30,000.00) Dollars of said fund shall be set apart by the trustee and the trustee shall have the right to pay over to the said wife or use for her benefit the income thereon not to exceed the sum of Fifteen Hundred ($1500.00) Dollars per year, in such installments as the trustee may think proper if and when the trustee deems the payment or such use by it of said sum necessary for the maintenance or support of the wife, the trustee to have absolute discretion to pay or withhold from the wife the said Fifteen Hundred ($1500.00) Dollars per annum or any part thereof, and any part of said income not so paid over by the trustee to the wife at the end of the calendar year shall be applied to the use and benefit of the children equally, as herein provided."

It would be to ignore this clear intention thus expressed if the Court should now adjudge the rights of the parties on the ground that the respective interests of the wife and children were inseparable. Fixing the wife's share or portion of the income on this basis I must conclude that three-tenths of the income from the $100,000 trust fund is exempt from taxation to the husband as a part of his income.

The case is determined by the rule laid down by the Supreme Court in Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391; Helvering v. Fitch, etc., 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665; Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082; and Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L. Ed. 1087.

From these cases it can be stated that amounts paid to a divorced wife from income from a trust fund set up for that purpose in lieu of alimony and where it is shown that the husband loses all control of the trust fund are not taxable as income to the husband, provided that "if such a result is to obtain, it must be bottomed on clear and convincing proof, and not on mere inferences and vague conjectures, that local law and the alimony trust have given the divorced husband a full discharge and leave no continuing obligation however contingent."

The case at bar is squarely within this rule.

The court decree in the divorce proceeding contained this provision: "The said agreement having been examined by the Court is hereby approved, and it is further adjudged that the rights and obligations of the parties be and are hereby fixed, as set out in said agreement, and said agreement is hereby made a part of this judgment."

The judgment then contained an express reservation on the part of the chancellor to make any necessary further orders, "regarding the custody of the children".

I believe by the terms of this decree and the agreement and understanding between the parties there was a final and conclusive discharge from further obligation of support. This was a debt settled from which neither of the parties could obtain relief from the court in which the divorce and settlement were adjudged.

Under Kentucky law such a settlement, completely exonerating and relieving the husband, can be had. Of this there can be no "mere inference" or "vague conjec-

ture", to use the language of Mr. Justice Douglas in Helvering v. Fitch, supra.

The case of Turner v. Ewald, 290 Ky. 833, 162 S.W.2d 181, 188, is a well-considered and ably reasoned opinion in which the whole court sat. It has not since been overruled or modified. The whole line of Kentucky cases was reviewed. The court laid down the following rule: "There is conflict in the authorities as to whether an agreement between a husband and wife, pending divorce, and incorporated in a divorce decree renders the decree immune from subsequent modification where the agreement merely fixes the amount of the allowance to the wife for maintenance and support, but it is well settled in this jurisdiction that a decree embodying an agreement of the parties, which has the effect of a valid property settlement contract, cannot be modified. Having concluded that the agreement incorporated in the divorce decree was a final settlement of the property rights of the parties, it follows that the circuit court was without authority to vacate or modify the decree in so far as appellant's vested property rights are concerned."

I therefore conclude that the plaintiff should recover the tax paid on three-tenths of the income from the $100,000 trust fund for the years in question.

Findings of fact and conclusions of law are this day filed.