## BUSH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 104.

Circuit Court of Appeals, Second Circuit.

March 4, 1943.

---

Arthur Garfield Hays, of New York City (James R. Cherry, of New York City, of counsel), for appellant.

Samuel O. Clark, Jr., Sewall Key, Samuel H. Levy, and Arthur A. Armstrong, all of Washington, D. C., for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The Tax Court held and the Commissioner contends that this case is governed by Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087, because (so the argument runs) the doctrine of the Leonard case applies to any trust created by a husband for his wife, during the marriage, even if the trust remains unalterable after the divorce, if it is then supplemented by the husband's guarantee to maintain the trust income at a given level. With that sweeping generalization we cannot agree; in such a case, the situation is the same as if the wife, having independent means, were given a guarantee in connection with the divorce that the husband would make up any deficiency should the income from her own property fall below a stated amount. Nor can we agree with the Tax Court that the situation here is different merely because, in form, the 1923 trust agreement was pro tanto cancelled and the title to securities constituting the corpus of the 1930 trust was, for an instant, vested in the taxpayer who immediately caused them to be transferred to the new trustee; were there no other facts in this case, we would hold that the new agreement was, so far as Maud is concerned, but a continuation of the old one; disregarding for the moment the factor to be noted in point 2 infra, it was set up with her own property, and we think that the husband's guarantee of the trust income did not therefore make such income his.

The Commissioner argues that the 1930 trust was not a continuation of the 1923 trust, on the ground that the wife received the equivalent of 66% of the income of the 1923 trust in place of the 60% which had

theretofore been allotted to her, and that that income, under the 1930 trust derives from 68% of the corpus of the 1923 trust. But those increases did not come from any property theretofore belonging to the taxpayer; they reduced the interest of the daughters, who received nothing from the taxpayer in order to induce them to agree to such reduction. It cannot be said, therefore, that the increased income of the wife stemmed from any property of the taxpayer. It follows then that he was guaranteeing the income of property which had previously belonged to the wife plus income derived from additional property transferred for her benefit by third persons. Nor was her income or interest enlarged by the fact that, under the 1930 trust, the taxpayer relinquished the right he had previously reserved to dispose of the share of Rufus T. should he die before the taxpayer.

■ 2. Nevertheless, we feel obliged to remand the instant case to the Tax Court because of Helvering v. Stuart, 63 S. Ct. 140, 87 L.Ed. ——, where the Supreme Court directed that there be remanded to the Tax Court the question whether or not the income of a trust came within the rule of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. There the trust agreement provided that an adult child of the taxpayer should, for 15 years, receive reasonable instalments of income of the corpus of a trust created by a taxpayer, in such amounts as the trustees might deem advisable, and that then the entire net income was to be paid to the beneficiary during her lifetime; thereafter the corpus was to go to the issue of the beneficiary and, in default of such issue, to the issue of the taxpayer, and in default of the issue of either, to a named educational institution. The trustees were the taxpayer, his wife and brother. The taxpayer reserved the right to sell the corpus of the trust and reinvest the proceeds in such other property as he would direct; he further reserved the right to withdraw the whole of the trust fund on delivering other property to the trustees, satisfactory to them, of a market value at least equal to that of the property so withdrawn. The court said that "economic gain for the taxable year, as distinguished from the non-material satisfactions, may be obtained through a control of a trust so complete that it must be said the taxpayer is the owner of its income.

So it was in Helvering v. Clifford, 309 U.S. 331, 335, 336, 60 S.Ct. 554, 84 L.Ed. 788. Cf. Helvering v. Fuller, 310 U.S. 69, 72 note 1, 76, 60 S.Ct. 784, 84 L.Ed. 1082. Section 22(a) 26 U.S.C.A. Int.Rev.Code we have said indicated the intention of Congress to use its constitutional powers of income taxation to their 'full measure.' Helvering v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Midland Insurance Co., 300 U.S. 216, 223, 57 S.Ct. 423, 81 L.Ed. 612, 108 A.L.R. 436; Douglas v. Willcuts, 296 U.S. 1, 9, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391; Irwin v. Gavit, 268 U.S. 161, 166, 45 S.Ct. 475, 69 L.Ed. 897. Control of the stocks of the company of which" the grantor was an executive "may have determined the manner of creating the trusts. Paragraph eight permits recapture of the stocks from the trust by payment of their value * * * Family relationship evidently played a part in the selection of the trustees. On the other hand broad powers of management in trustees, even though without adverse interest, point to complete divestment of control, as does the impossibility of reversion to the grantors * * * The triers of fact have made no finding upon this point. Cf. Helvering v. Clifford, supra, 309 U.S. 336, 338, 60 S.Ct. 554, 84 L.Ed. 788. When the Board of Tax Appeals decided these cases under Section 166, 26 U.S.C.A. Int.Rev.Code it was not necessary for it to reach a conclusion on 22(a) or its effect upon Section 167, 26 U.S.C.A. Int.Rev.Code. That should be done * * *"

It is true that in that case the trust agreement originally reserved to the taxpayer, his wife and brother, or the survivor of them, the right to change the beneficiary; that subsequently the agreement was amended so as to make the trust irrevocable; and that the government did not claim that any trust income received after that amendment was attributable to the taxpayer. However, that portion of the opinion above quoted, relating to the possible applicability of the Clifford doctrine, does not seem to be based upon the reserved power to change the beneficiary which existed before the trust agreement was amended. We therefore interpret that portion of the opinion as if it dealt with a trust in which there was no such reserved power.

■ Were it not for the Stuart case, we would have held, in line with our previous

decisions,[1] that the 1923 trust here did not come within the Clifford doctrine and that there is no need to remand to the Tax Court to ascertain its views on what we would not have regarded as a "question of fact." But, under that trust, as in the Stuart case, the corpus originally consisted of stock in a company of which the taxpayer was an important officer; the trust agreement also reserved in him the voting power and the right to dispose of the interest of any beneficiary who predeceased him, and named as a trustee a close associate of the taxpayer. The opinion in the Stuart case, to be sure, referred to paragraph eight of the trust which permitted recapture by the donor of the stocks from the trust by payment of their value; while there is not the precise equivalent of that provision in the 1923 trust here, yet the taxpayer here did reserve the right to direct the sale of any of the trust assets and reinvestment of the proceeds; moreover, it is not clear that in the Stuart case paragraph eight alone was the controlling factor. Consequently, in the light of the Stuart case, the decision here would appear in the first instance to be for the Tax Court rather than for ourselves, and we must remand this case to that Court so that it may determine whether the 1923 trust came within the doctrine of the Clifford case as illuminated by the Stuart case. If it did, the income of that trust was, for tax purposes, the income of the taxpayer; then, as the 1930 trust is at best but a continuation of the 1923 trust, the guaranty of the income of the 1930 trust cannot be regarded as a guaranty of what had theretofore been the wife's income, and this case, on that basis, will come within the doctrine of the Leonard case.

It is true that the Tax Court, having held, on other grounds (which we hold unsound), that the 1930 trust was governed by the Leonard case, went on to say that it deemed unnecessary an extended consideration of the Commissioner's argument that the income of that trust was taxable under the Clifford case, and briefly noted that it thought that the income was not thus taxable. But the Tax Court did not consider the applicability of the Clifford case to the 1923 trust, and its decision was rendered before the decision of the Stuart case.

We remand to the Tax Court for further proceedings in accordance with this opinion.

---

[1] Commissioner v. Jonas, 2 Cir., 122 F. 2d 169, 171; Commissioner v. Buck, 2 Cir., 120 F.2d 775, 778; Commissioner v. Barbour, 2 Cir., 122 F.2d 165, 167; Commissioner v. Woolley, 2 Cir., 122 F.2d 167, 168.