## PHIPPS v. COMMISSIONER OF INTER-NAL REVENUE.

### No. 206.

Circuit Court of Appeals, Second Circuit.
June 30, 1943.

Joseph M. Proskauer and B. H. Bartho-
low, both of New York City (Irving H.
Bull and W. G. Dunnington, both of New
York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen.,
and Sewall Key, Helen R. Carloss, and
Joseph M. Jones, Sp. Assts. to the Atty.
Gen., for respondent.

Before L. HAND, AUGUSTUS N.
HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. There can be little doubt that,
within the doctrine of Helvering v. Clif-
ford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed.
788, the corporate trustee is not to be re-
garded as independent and that the situ-
ation must be considered as if, in effect,
the taxpayer and the wife were the two
trustees named in, and acting under, the
trust instrument. See Commissioner v.
Barbour, 2 Cir., 122 F.2d 165, 167 where a
trustee who was the taxpayer's lawyer
was considered as not independent; Com-
missioner v. Lamont, 2 Cir., 127 F.2d 875
holding similarly where the trustee was the
taxpayer's attorney and financial adviser;
Bush v. Commissioner, 2 Cir., March 4,
1943, 133 F.2d 1005 where we reached a
similar conclusion as to a trustee who was
the taxpayer's close friend and business
associate.

2. Nevertheless, we cannot
agree with the Tax Court that this case

is like Commissioner v. Buck, 2 Cir., 120 F.2d 775 or otherwise within the Clifford doctrine. The trust here is a long-term trust, and, as we said in the Buck case, the control over the income exercised by the grantor must be "very substantial" in such circumstances if the income is to be considered his. It may be argued that during the minority of the child, the taxpayer (operating through the trust company) could refuse to agree to the payment of any income to the wife, and that, if she, in turn, thereupon refused to agree to the payment of any income for the support and maintenance of the child, the income would accumulate and be paid to the child at the age of 21, with only a contingent possibility of the wife's receiving these accumulations (i. e., in the event that the child predeceased the wife before the child reached the age of 21.) But, as the obvious purpose of the trust was that the wife was to receive a considerable part of the income, an arbitrary refusal on the part of her co-trustee to pay her any of the income so that it would accumulate, would, we think, induce the New York courts to interfere and compel the co-trustee to exercise a genuine discretion in the light of the purpose of the trust. Collister v. Fassitt, 163 N.Y. 281, 57 N.E. 490, 79 Am.St.Rep. 586; Matter of Van Zandt's Will, 231 App.Div. 381, 247 N.Y.S. 441; Colton v. Colton, 127 U.S. 300, 8 S.Ct. 1164, 32 L.Ed. 138.[1]

It is true that the trust agreement also provides that, after the child reaches the age of 21, the income is to be allocated by the trustees in their discretion to the wife and the child. But again we think the wife's co-trustee would be obliged to exercise a genuine discretion; a refusal on the part of the co-trustee to distribute anything to the wife, followed by her refusal to allocate anything to the child, would bring about the intervention of a court of equity to compel distribution and to avoid an unintended accumulation of income, one indeed which would be unlawful under New York law. Real Property Law, § 61, Consol.Laws N.Y. c. 50; Personal Property Law § 16, Consol. Laws N.Y. c. 41.

In a case like this, where, only through a disregard of the purposes of the trust—a disregard which would result in judicial intervention—could the husband control the allocation of the income among members of his family, is not sufficiently like the Clifford or Buck cases to make the doctrine of those cases applicable. Nothing in those cases suggests that a wife, who has an obviously selfish adverse interest in receiving income for herself, is so lacking in independence that it is to be conclusively presumed that she will exercise her powers as a trustee in accordance with the wishes of her husband.

■ Helvering v. Stuart, 63 S.Ct. 140, 87 L.Ed. ——, November 16, 1943, indicates, as we held in Bush v. Commissioner, 2 Cir., March 4, 1943, 133 F.2d 1005, that, in such a case as this, the views of the Tax Court are to be given considerable weight even as to "questions of law";[2] but here we think the conclusion of the Tax Court is so erroneous that we are not obliged to adopt it.[3]

■ 3. The Tax Court, having reached its decision under § 22(a), did not consider § 166, 26 U.S.C.A. Int.Rev.Code § 166. The Commissioner argues that the income is taxable under § 166 because the wife has no adverse interest in the corpus since she can never receive any of it, having merely a power of appointment restricted to descendants of the taxpayer. But the controlling words of § 166 are those relating to "any person not having a substantial adverse interest in the disposition of such part of the corpus *or* the income therefrom."[4] Here the wife had a substantial adverse interest in the income. Graff v. Commissioner, 7 Cir., 117 F.2d 247, is not, we think, contra; but if it is, we disagree with it. Fulham v. Com'r, 1 Cir., 110 F.2d 916, 918, is distinguishable since there the court pointed out that on the "face of the trust instrument, the main objective seems to be to accumulate the income during the life of Mrs. Fulham * * *" the wife of the grantor; the court also stated, "It does not appear in the record that Mrs. Fulham has in fact been receiving any payments * * *." Moreover, the instru-

1 Fulham v. Com'r, 1 Cir., 110 F.2d 916, 918, related to § 166, 26 U.S.C.A. Int.Rev.Code, § 166 and is distinguishable on its facts which we discuss below.

2 Cf. Gray v. Powell, 314 U.S. 402, 411–413, 62 S.Ct. 326, 86 L.Ed. 301.

3 Cf. Estate of Sanford v. Com'r, 308 U.S. 39, 52, 60 S.Ct. 51, 84 L.Ed. 20; United States v. San Francisco, 310 U.S. 16, 31–32, 60 S.Ct. 749, 84 L.Ed. 1050; Associated Industries v. Ickes, 2 Cir., February 8, 1943, 134 F.2d 694.

4 Italics added.

ment there set up a committee of three persons, not including the wife, with power to amend the trust so as to deprive the trustees of the power to make any payments of income to the wife.

Reversed.