## KETCHAM v. COMMISSIONER OF INTERNAL REVENUE.
### No. 295.

Circuit Court of Appeals, Second Circuit.
May 29, 1944.

Conklin & Bentley, of New York City (Edward S. Bentley, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Helen Goodner, all of Washington, D. C., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts are sufficiently stated in the report of the findings and opinion of the Tax Court, 2 T.C. 159.

1. As the Tax Court said, since the divorce decree, incorporating the trust agreements, freed the husband from all obligation to support taxpayer, so much of the trust income as was for her support was not within the gross income of the husband

but was taxable as part of her gross income. Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082.

■■ Taxpayer, however, contends that under the agreements, she could have been required to expend all the trust income for the maintenance and support of the children when living with her. We cannot agree. It is inconceivable that the divorce court would have approved the agreements if they had had such a meaning. Consequently, Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154, is not pertinent here. As the Commissioner suggests, the Court in the Stuart case, in effect, superimposed the doctrine of Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, on the language of § 167(a)(2), Revenue Act 1938, 26 U.S.C.A. Int. Rep.Code, § 167(a) (2). That subsection provides that there is to be included in a grantor's taxable income any part of the income of a trust which "may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor"; the Stuart case interpreted this provision to cover income that may be distributed in discharge of the grantor's legal obligation to his children. The trustee here had no discretion to divert any of the income towards the support of the children. Since the taxpayer was to exercise her own judgment as to how much was necessary for their suitable support, the discretion rested in her, a beneficiary with a substantial adverse interest in retaining such part of the income as was not used to discharge the husband's legal obligation to his children. Here, the adverse interest was even stronger than in Phipps v. Commissioner, 2 Cir., 137 F.2d 141, 144, for here the family entente had been dissolved.

2. The taxpayer does not contend that the husband retained such control over the trust assets or income as to render the income taxable under Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, and related cases, or that the Tax Court erred in holding that the supplemental agreement of June 12, 1936 did not make the Clifford doctrine applicable. Cf. Bush v. Commissioner, 2 Cir., 133 F.2d 1005.

■■ 3. We agree with the Tax Court that the taxpayer had the burden of showing what part of the trust income she actually expended for the children. She made no showing whatever that the "household expenses" were larger because the children lived with her than they otherwise would have been. Accordingly the Tax Court was not called upon to consider the question of allocating those expenses. She was allowed to exclude from her taxable income precisely what she proved she had expended for the children. It cannot be said that the Commissioner's determination was arbitrary and without rational foundation. Cf. Hague Estate v. Commissioner, 2 Cir., 132 F.2d 775, 777, 778.

■■ 4. We agree, too, with the Tax Court that the 1933 deficiency was not beyond the statute of limitations and was saved by § 820, 26 U.S.C.A. Int.Rev.Code, § 3801, because the one year began to run from the last day when a petition to review the Board's decision in her husband's case could have been filed. We also agree with that Court's conclusion that the five-year period of § 275(c), 26 U.S.C.A. Int.Rev. Code, § 275(c), was applicable to the deficiencies for 1935 and 1936, since taxpayer had unquestionably omitted from her gross income an amount which was in excess of 25% of the amount of gross income stated in the return. That she attached schedules to her returns, stating that she had received certain amounts as trust income in lieu of alimony but that such amount was taxable to her husband, cannot relieve her from the effect of having omitted those amounts from her report of gross income. Foster's Estate v. Commissioner, 5 Cir., 131 F.2d 405.

Affirmed.

CHASE, Circuit Judge (dissenting).

While the trust income was, indeed, for the maintenance of the petitioner, her right to receive any of it was upon condition that she expend so much as might be needed for the support and maintenance of the children while they lived with her. The only exception was that the former husband should pay for emergency medical attention.

His legal obligation to support his minor children, unlike his legal obligation to support his wife, was not extinguished by the divorce decree; nor was the petitioner given the power in the trust instruments to determine the amount actually needed for the children's support. Their father's obligation to support them was, however, measured by their actual needs. Consequently, not only such part of the trust income as the petitioner determined was necessary to, and did expend for, the support of the children was taxable to the father but whatev-

er part of such income might in fact be needed for that purpose. To that extent the father was relieved not of the obligation to pay for the support of the children but of the financial burden that might entail, whatever it might turn out to be. That all the trust income would be needed for the support of the children while they lived with the petitioner seems improbable but the existence of a possibility that it would be cannot with certainty be denied. The extent to which the settlor retained the right to have the trust income used to discharge obligations which remained his own and might otherwise have to be met with his own funds is the extent to which income remained his own for tax purposes. As such obligation must equal in terms of money the amount of the trust income, I think all of the latter is taxable to the father under the decision in Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154.