## BUSH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 137, Docket 21135.

United States Court of Appeals
Second Circuit.

Argued April 12, 1949.

Decided June 21, 1949.

---

Frank J. Dillon, New York City (William H. West, Jr., and Dillon & O'Brien, New York City, of counsel), for petitioner.

Theron Lamar Caudle, Assistant Attorney General; Ellis N. Slack, Robert N. Anderson, and Morton K. Rothschild, Special Assistants to the Attorney General, for respondent.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal relates to income tax deficiencies for the years 1938, 1939 and 1940. The deficiencies result from taxing to the petitioner income received by her during the taxable years from an alimony trust established for her benefit on June 6, 1930. The appeal presents two questions. The first is whether a decision of the Board of Tax Appeals that income of the trust for the year 1931 was not taxable to her is conclusive as to her non-taxability for the trust income of later years, and the second is whether, if the issue is still open, she is taxable for the trust income of the years in suit. The Tax Court decided both questions adversely to her contentions.

The facts were stipulated and are set forth in detail in the opinion of the Tax Court, 10 T.C. 1110. We need state them only in bare outline. In 1923 Irving T. Bush, who was then the husband of the petitioner, established a trust under which she was to receive 60% of the trust income during his life. In 1930 while divorce proceedings were pending in Nevada, but prior to the entry of a decree therein, the 1923 trust was revoked by mutual consent of the interested parties, and part of the securities withdrawn therefrom were used to establish another trust under an agreement of June 6, 1930 executed by Mr. and Mrs. Bush and Bank of Manhattan Trust Company as trustee. Under the 1930 trust agreement Mrs. Bush was to receive annually during her life $60,000, and if the trust income fell below that figure in any year Mr. Bush was to make up the deficiency to the trustee. The divorce decree entered on June 9, 1930 adopted and approved the 1930 trust agreement in lieu of alimony and of any right of Mrs. Bush to future support and maintenance. Thereafter the Commissioner attempted to tax her on $60,000 of trust income received by her in the year 1931. Applying the doctrine of Douglas v. Willcuts, 296 U.S. 1, 56 S:Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, the Board of Tax Appeals held that such income was not taxable to her but should be included in the taxable income of her former husband. Maud H. Bush v. Commissioner, 33 B.T.A. 628. This decision was not appealed by the Commissioner and became final in due course. Later the Commissioner proposed to tax Mr. Bush on the trust income received by Mrs. Bush for the years 1933, 1934 and 1935. The Board sustained such tax, Irving T. Bush v. Commissioner, 45 B.T.A. 609; but on appeal this court reversed the decision and remanded the case for further proceedings. Bush v. Commissioner, 2 Cir., 133 F.2d 1005. Upon such remand the Tax Court held that Mr. Bush was not taxable on the trust income for the years then in suit.[1] Subsequently the Commissioner sought to tax Mrs. Bush on the trust income received by her for the years 1938, 1939 and 1940. The Tax Court affirmed the Commissioner's action, and its decision is now before us on her appeal.

We agree with the Tax Court's ruling that the decision with respect to the 1931 trust income is not conclusive as to the years now in suit. The scope of the doctrine of res judicata in income tax cases was thoroughly considered in Commissioner v. Sunnen, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898. Federal income taxes are levied on an annual basis; each year is the origin of a new liability and a separate cause of action. A judgment on the merits as to a particular tax year is

---

[1] Irving T. Bush v. Commissioner, Docket No. 99364, 45 B.T.A. 609.

res judicata in any proceeding involving the same claim and the same tax year. But where two cases involve income taxes in different taxable years the doctrine of estoppel by judgment "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged."[2] When the legal rule applicable to the same facts has been changed between the two proceedings, the doctrine of estoppel by judgment may not be successfully invoked. Commissioner v. Sunnen, supra; A.L.I. Restatement of Judgments, § 70. This is obviously true when the change in the applicable legal rule is made by statute.[3] It is no less true when the change is by judicial decision. In the case at bar the facts relating to the trust and the divorce remain the same as when the Board decided that Mrs. Bush was not taxable on the 1931 trust income, but subsequent to that decision a change in the legal rule applicable to those facts was made by this court's decision as to the non-taxability of the trust income to Mr. Bush. Bush v. Commissioner, 2 Cir., 133 F.2d 1005. The correctness of that decision must of course be open to challenge by Mrs. Bush since she was not a party to the proceeding involving her former husband's tax; but the change of law which it declared precludes her defense of collateral estoppel. Were the rule otherwise, the Treasury would be barred from collecting any tax whatever on the trust income for the years now in suit, since the earlier decision as to Maud's non-taxability would be conclusive in her favor and the decision as to Irving's non-taxability conclusive in his. The Tax Court was right in holding that the case was open on the merits.

The first Maud Bush case held that the trust income was not taxable to her because under the doctrine of Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L. Ed. 3, 101 A.L.R. 391, it was taxable to her former husband. The Irving Bush case held that the trust income was not taxable to him under the Willcuts doctrine or the later case of Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087, because the 1930 trust "was, so far as Maud is concerned, but a continuation of the 1923 trust; * * * it was set up with her property, and we think that the husband's guarantee of the trust income did not therefore make the income his." We regarded the situation the same as if the wife, having independent means, were given a guarantee in connection with the divorce that the husband would make up any deficiency should the income from her own property fall below a stated amount. The Tax Court in the case at bar followed the views we expressed in the Irving Bush case. Mrs. Bush contends, as did the Commissioner in that case, that the 1930 trust was not a continuation of the 1923 trust, but we adhere to the view that it was. She argues in support of her contention that the quantum of her interest in the two trusts differs materially because under the first her interest in the trust income was limited to Irving's life while in the second it was to continue throughout her life. But since the income for the taxable years now in suit arose during Irving's life, the income for those years is attributable to her interest in the earlier trust, whatever might be the case as to income for years after his death. She also argues that it is erroneous to consider that the 1930 trust was formed with her property because the 1930 trust agreement provided that income accrued at the date of its execution on securities which had been part of the 1923 trust corpus and were to be placed in the 1930 trust, was not to be paid to her, as presumably it would have been had she been regarded as the equitable owner of those securities. We fail to

---

[2] The quoted words are taken from pages 599–600 of the Sunnen opinion in 333 U.S., from page 720 of 68 S.Ct., 92 L. Ed. 898.

[3] Under section 120(a) of the Revenue Act of 1942, 56 Stat. 798, 26 U.S.C.A. § 22(k), the income of the trust for that and subsequent years is taxable to the petitioner. Her brief impliedly concedes that the decision in her favor with respect to 1931 trust income is no bar to taxing her on the income for 1942 and later years.

see the significance of this argument. Whatever rights she had in the income accrued on June 6, 1930, she could dispose of by agreement and she was a signatory of the 1930 trust instrument. Finally she says that our decision that Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L. Ed. 1087, was not applicable is contrary to Friedmann v. Commissioner, 7 Cir., 145 F.2d 594, certiorari denied 324 U.S. 865, 65 S.Ct. 914, 89 L.Ed. 1421. We think that case is distinguishable in that no prior trust had been set up for the wife; consequently the husband's guarantee of the trust income could not be considered a guaranty of the income from her own property.[4]

The petitioner contends that even if the trust agreement of June 6, 1930 is deemed to be merely a continuation of the 1923 trust, the income from the trust should be taxable to her former husband and not to her under the rationale of Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, because the trust was utilized by the settlor to discharge the legal obligation imposed by the divorce decree. It is true that the ruling of the Willcuts case hinged on the husband's continuing obligation to support his wife. But, there, the property which constituted the trust res had belonged to the husband. It was not merely the latter's continuing obligation but the fact that through the discharge of his obligation he enjoyed the benefit of the income as though he had personally received it which led the court to tax the trust income to him. In the case at bar, however, the 1930 trust was, in effect, set up with Maud Bush's property. Accordingly, while Irving Bush had a continuing obligation toward his wife, it was met through the use of Maud's property and not his. The Willcuts doctrine is, therefore, inapplicable.

Our decision in the Irving Bush case left open the question "whether the 1923 trust came within the doctrine of the Clif-

ford case as illuminated by the Stuart case."[5] We remanded the case to the Tax Court to determine that question, stating that if the 1923 trust did come within the Clifford doctrine, then the income of that trust was, for tax purposes, the income of the husband and his guaranty of the income of the 1930 trust could not be regarded as a guaranty of what had theretofore been the wife's income, and on that basis the income would be taxable to the husband within the doctrine of Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087. The Tax Court determined the question in favor of Mr. Bush. No appeal was taken. Consequently the correctness of that decision has never been passed upon by this court. Mrs. Bush now challenges it. She contends that Irving Bush retained such economic advantages under the 1923 trust as to render its income taxable to him under the Clifford and Stuart doctrines. The original corpus of the 1923 trust consisted of 10,000 shares of stock of Bush Terminal Company, of which Mr. Bush was the president, and he reserved the right to vote these shares or any other stock which might constitute the corpus of the trust. He also reserved the right to direct the investment and reinvestment of the trust funds. By 1927 the trustee had disposed of all the Bush Company stock and had reinvested in other securities. The Tax Court gave careful consideration to the powers reserved by Mr. Bush and concluded that they were not sufficient to bring the case within the Clifford and Stuart rule. Irving T. Bush v. Commissioner, Docket No. 99364, 45 B.T.A. 609. In Kohnstamm v. Pedrick, 2 Cir., 153 F. 2d 506, at page 508, Judge L. Hand referred to our Irving Bush case as follows: " * * * we considered ourselves bound by a passage in Helvering v. Stuart, supra, to remand the cause to the Tax Court, whose decision would conclude us, unless there emerged with inescapable clarity some error of law that

---

[4] It may perhaps be inferred from denial of certiorari in the Friedmann case that the Supreme Court thought the two cases different, since the petition for certiorari alleged that they were in conflict.

[5] Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154.

we could not evade." No such error has emerged; nor can we say on the basis of the stipulated record before us that the findings were erroneous.

For the foregoing reasons we regard the Tax Court's decision as correct. It is affirmed.